MARY A. DUGGAN

*v.*

JAMES RYAN, Catholic Bishop.

*Opinion filed June 23, 1904—Rehearing denied October 13, 1904.*

1. APPEALS AND ERRORS—*when assignment of error cannot be passed upon.* An assignment of error requiring inspection of plats or surveys cannot be passed upon by the Supreme Court, where the plats and surveys are not incorporated in the bill of exceptions nor shown in the abstract of the record.

2. SAME—*error in passing upon propositions of law or instructions must be pointed out.* An assignment of error that the trial court erred in passing upon propositions of law or instructions cannot be considered by the Supreme Court, where the errors are not indicated in the brief and argument.

APPEAL from the Circuit Court of Macon county; the Hon. WILLIAM C. JOHNS, Judge, presiding.

HILL & DREW, for appellant.

R. M. PEADRO, and MILLS & FITZGERALD, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an action of ejectment, brought by appellee to recover the west thirteen feet and four inches of a tract of land bounded by a line beginning at the north-west

corner of block No. 29, as shown on the recorded plat of the village of Dalton City, Illinois; running thence south two hundred feet; thence west two hundred feet; thence north two hundred feet; thence east two hundred feet to the place of beginning. The pleas were the general issue, and a sworn plea denying that appellant was in possession of the tract which appellee sought to recover. The suit was originally tried by a jury in the circuit court of Moultrie county, where it was begun, and a verdict rendered in favor of appellee. Appellant obtained a new trial under the statute. The venue was changed to Macon county, where the case was tried by the court without a jury. A judgment was rendered in favor of appellee, and the record is brought here by appeal.

The real question at issue is as to the location of the north-west corner of block 29, appellee claiming that it is located thirteen feet and four inches west of the point at which appellant contends it is located. That appellee owns a tract of land two hundred feet square, the north line of which extends two hundred feet west from the north-west corner of said block 29, is not denied. If the north-west corner of that block is at the place contended by appellee, then his real estate extends west so far that the west part thereof, thirteen feet and four inches in width, is included in appellant's enclosure; but if, as appellant insists, that corner of block 29 is thirteen feet and four inches further east, then she is not in possession of the land described in the declaration, but her east fence is on the line between the parties.

The tract in dispute is a part of the north-west quarter of section 31, town 15, north, range 4, east of the third principal meridian, situated in Moultrie county, Illinois. In 1873 James Roney, being then the owner of that quarter section, laid off and platted into lots and blocks the north-east portion thereof as a part of Dalton City. On the fifth day of May, 1876, the plat was vacated as to all that portion thereof which lay west of block 29. On

September 15, 1881, James Roney conveyed to Enoch W. Roney, appellee's remote grantor, the tract of land two hundred feet square, the west portion of which appellee seeks to recover in this suit, and shortly thereafter the grantee in that deed fenced it, placing a fence on a line six inches west of the line which appellee contends is the true west line. On September 24, 1884, James Roney conveyed to appellant all of said quarter section, excepting the portions platted, and conveyed to other parties without particularly describing the parts so conveyed to other parties. The portion of the quarter section that has been platted was surveyed in 1873 for James Roney by one Abraham Jones into blocks, lots and streets. Jones made a plat of that survey, which is the original plat of that part of Dalton City. Roney had it recorded, and it is referred to in this litigation as the Roney plat. In 1891 appellant had B. D. Hayden, county surveyor of Moultrie county, locate the line between her farm and the tract now owned by appellee. He fixed the line thirteen feet and ten inches east of the fence which had been erected by Enoch W. Roney. Appellant then caused the old fence to be torn down and a new one erected on this line so fixed by Hayden, where her fence still remains. Thereupon the corporate authorities of Dalton City employed Hayden and another surveyor by the name of Loring to make a re-survey of Dalton City, and they fixed the north-west corner of block 29 at the point where appellee claims it is, and this would result in placing the west line of appellee's tract where fixed by the judgment of the court below. Afterward, appellant had another survey made by Ira O. Baker, professor of civil engineering in the University of Illinois, and he fixed the boundary line on the line now occupied by appellant's fence, being the same line fixed by Hayden in his first survey.

Appellant offered on the trial below a plat of the survey made by Prof. Baker, a certified copy of the plat made by Hayden and Loring, also a copy of that plat made

by Prof. Baker. The court excluded each of these, and its action in each instance is assigned as error. Neither the plat nor the two copies last spoken of are shown by the abstract, and they do not seem to have been preserved in the bill of exceptions.

It is said that the plat and copies were competent in explanation of and to enable the court to understand the various surveys. If they were offered for that purpose they might well have been admitted; (*Justen* v. *Schaaf*, 175 Ill. 45;) but this case was tried by the court without a jury, and it would seem that the court should have been able to determine whether the plat and copies were necessary to a proper understanding of the evidence. Without an opportunity to examine the plat and copies we are not able to say, from anything here presented, that the court erred in excluding them.

Appellant also offered, and the court excluded, a certified copy of the field notes of the government survey furnished by the State Auditor, which, it is said, shows the location of a corner established by the government survey, from which Jones began his measurements in surveying Dalton City. As it is not made to appear that there was any controversy about the location of this government corner, the evidence was not material.

Appellant contends that the finding of the court is against the great weight of the evidence, and states by the opening sentence of her argument, "if the court will carefully examine the Roney plat, marked 'Exhibit A,' and the deed from James Roney to Enoch W. Roney, (Ab. 3,) there will be disclosed by them the undeniable fact that the land in controversy in this suit is not conveyed by that deed," and the argument continues with a great number of calculations made, it is said, from measurements shown on that plat, for the purpose of demonstrating that the line between the parties is east of the strip in controversy. The Roney plat is not shown by the abstract. That document shows that it was offered

in evidence and marked "Exhibit A," and the recital of its offer is followed by these words in parentheses: "Plat found at end of record." We have examined the transcript of the record, and no such plat is contained therein or attached thereto, although the clerk certifies that the transcript includes copies of "all plats and exhibits and the bill of exceptions." Appellee, by his argument, demonstrates with what seems equal certainty, from measurements which he avers are taken from the same plat, that the line between the parties is on the west side of the disputed strip. In the absence of this plat and of the testimony of the surveyor who made the survey, showing the courses and distances, we are entirely unable to determine whether the court's finding is against the manifest weight of the evidence. Appellant's failure to incorporate this plat of the original survey in the bill of exceptions, and to properly abstract the same, has left her cause in a position where this assignment of error cannot be passed upon.

The assignments of error question the action of the court in passing on certain propositions of law. Appellant does not, by her brief and argument, point out any error so committed by the court or make any statement from which this court can know upon what basis or for what reason she contends that the court's action was erroneous in this respect. Where counsel do not aid this court by indicating the error of the court below in passing on propositions of law or instructions, this court will not enter upon an independent investigation, of its own motion, for the purpose of ascertaining whether the view of the law taken by the court below was correct. *Razor* v. *Razor*, 142 Ill. 375; *Metropolitan Bank* v. *Merchants' Bank*, 182 id. 367; *Keyes* v. *Kimmel*, 186 id. 109.

The judgment of the circuit court will be affirmed.

*Judgment affirmed.*