## City of Mt. Carmel v. Orra F. Havill.

1. Assignments of error—*how should be argued.* The arguments upon assignments of error should be made so specific that the court may determine precisely what is complained of.

Action on the case for personal injuries. Appeal from the Circuit Court of Wabash county; the Hon. Prince A. Pearce, Judge, presiding. Heard in this court at the February term, 1906, Affirmed. Opinion filed September 14, 1906.

Robert Bell, E. B. Green and Theodore G. Risley, for appellant.

P. J Kolb and M. H. Mundy, for appellee.

Mr. Justice Higbee delivered the opinion of the court.

At the time of the occurrence with which this suit is concerned, a firm of contractors was engaged under a contract with appellant, the city of Mt. Carmel, in excavating and paving a portion of Fourth street in said

city. The paving was to be in the center of the street, and thirty feet in width, there being an open space left on each side of the paved portion of the street. Fourth street runs east and west, is one of the principal streets of the city and much traveled. It is crossed at right angles by Main street. On the south side of Fourth street, at the corner of Main, was a building known as the Stansfield building, and at the rear of this building was an alley. As a part of their contract, the contractors were to construct a pavement in the alley from the property line across the walk on the south side of Fourth street and thence to the pavement in the middle of the street. The alley was 100 feet east of Main street, and some thirty feet east of the alley was located the Register printing office, where appellee had been employed for a number of years.

On August 29, 1905, the contractors were working on the street and alley and had excavated from the street into the alley. At the intersection of the sidewalk the walk was torn out, leaving an excavation the width of the alley eighteen to twenty-four inches deep, and across this excavation they placed two or three boards about six inches wide for the convenience of pedestrians. These boards were laid across the alley loosely and were shifted from time to time by the workmen. On the night of the day in question, only two boards were laid down for a walk. At the time this work was going on, a third story was being placed on the Stansfield building, and the space along it on the south side of the street between the sidewalk and the street paving was filled with material used on the building. While the workmen were at work on the Stansfield building, this sidewalk was closed by barriers, but at night and noon the walk was left open for general travel. There were notices posted up in that locality that the street was closed for travel, but the street was used all the time and it does not appear that appellee had actual knowledge of such

City of Mt. Carmel v. Havill.

notices. About 7:00 P. M. on the day named, which was
cloudy and dark, appellee left his office and started
towards Main street. As he neared the alley his foot
struck a stake driven into the middle of the sidewalk
and he was thrown violently forward into the excava-
tion and was caught between the two loose boards and
severely injured. The stake had been placed there by
the contractors, it being their purpose to nail a rail to
it to hold concrete they were using. It was driven
firmly into and projected about four and one-half
inches above the ground. The side facing appellee was
some four inches wide. Appellee had knowledge of the
general conditions existing at the place he was in-
jured, but had no knowledge that the stake was there.
It also appeared that a week or so before he was in-
jured, appellee complained of the conditions to the
mayor and told him there was danger of some one be-
ing hurt and a suit brought against the city. There
was an electric light near the place where appellee
fell, but it was not on at the time, and there were no
danger signals placed there as a warning. Appellee
brought suit against the city and obtained a verdict
and judgment for $500.

The city brings the case to this court for review,
claiming that the verdict of the jury was contrary to
the evidence and that the court admitted incompetent
evidence and gave improper instructions to the jury.

By permitting the barriers to be removed, the side-
walk thrown open on the south side of the street in the
evening and the planks to be placed across the excava-
tion in the alley, the city, through the contractors, in-
vited people to use that portion of the sidewalk. The
stake driven in the walk was an obstacle which, in the
dusk, became dangerous to one who did not know of or
could not see it. The question whether the circum-
stances showed negligence on the part of the city and
ordinary care on the part of appellee was one for the
jury, and we are satisfied with their verdict on the facts
in favor of appellee.

Counsel for appellant states generally, that there were errors "as to the admissibility of certain statements and evidence" of one of the witnesses for appellee, but he does not argue the matter nor indicate what constituted the alleged error. We have, however, examined the testimony of the witness named and find nothing objectionable in the ruling of the court in regard to the same.

Objection is made by appellant to the first two instructions given for appellee, which told the jury that appellant was bound to use reasonable care to keep its sidewalks in a reasonably safe condition for the use of persons passing over the same, for the reason, as alleged, that the sidewalks had been removed for the purpose of putting down a pavement across the alley intersection, and the only negligence which would be attributed to appellant in making the improvement was as to persons who had no actual knowledge of the dangerous condition of the crossing. This objection is not tenable, for the reason that it assumes that appellee had actual knowledge of the dangers which existed at the time he was injured, which was a controverted fact, and also because the city, when it removed the barriers and placed the planks across the alley, thereby invited people to walk along there, and gave persons having occasion to pass along that way the right to assume that the city had used reasonable care to render the walk reasonably safe. What is said in regard to the objection to these instructions, applies with equal force to a somewhat similar objection made to the third instruction given for appellant, which told the jury that if they found the sidewalk was defective, or dangerous, and that such condition was unavoidably necessary in making the improvements, then it was the duty of appellant to exercise reasonable care to warn the public against such defective or dangerous condition. We find nothing objectionable in this instruction as applied to the circumstances of

the case. Other objections are made to instructions given for appellee, but as a series appellee's instructions appear to us to state the law with substantial accuracy.

The judgment of the court below will be affirmed.

*Affirmed.*