### Charles E. Everett, Appellant, v. David D. DeLong, Appellee.

### Gen. No. 14,094.

1. SLANDER—*what not essential to defense of privilege.* The defense of privilege to an action of slander may be introduced under the general issue.

2. SLANDER—*what essential to establish defense of privilege.* The burden is upon the defendant to show that the occasion of his speaking the alleged slanderous words was privileged and that such words were spoken from a sense of duty and with an honest belief in their truth. An occasion of privilege is where such defendant has an interest in the subject-matter of the communication and the person to whom the communication is made has a corresponding interest.

3. SLANDER—*when privilege arises.* A clergyman who employs words alleged to be slanderous in the belief of their truth and from a sense of duty in order to aid the members of his church in deter-

mining whether the resignation of one of its trustees shall be accepted is entitled to interpose the defense of privilege.

4. SLANDER—*what words not actionable per se.* It is not actionable *per se* for a clergyman to say of a trustee of his church, "That man is a dangerous man to have around little girls; I understand he has little girls from the Sabbath school stay in his office. I fear for the little ones."

BAKER, J., dissenting.

Action in the case for slander. Appeal from the Superior Court of Cook county; the Hon. ALBERT C. BARNES, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1907. Affirmed. Opinion filed October 6, 1908. Rehearing denied October 27, 1908.

JAMES C. HOOD and J. B. HUTCHINSON, for appellant.

CHARLES A. WARREN and JAMES K. LAMBERT, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

In an action on the case for slander, brought by appellant against appellee, the trial resulted in a verdict of not guilty. A motion for a new trial was denied and judgment entered on the verdict, to reverse which the plaintiff prosecutes this appeal.

The defendant, at the time he is alleged to have spoken the slanderous words, was the pastor of the Fellowship Congregational Church, a church in that part of Chicago known as the South Side, and had been such pastor for several years. In January and February, 1905, the question of erecting a new church edifice was under consideration. The trustees favored building the new church on the lot on which the old church stood. The pastor and some of the members favored buying another lot for the new church. To obtain aid from the Congregational Church Building Society, a certificate of the pastor was required, that in his opinion the building of the new church at the

place proposed was for the best interest of the church. This certificate the defendant refused to give, and the trustees tendered their resignations. Plaintiff was not a member of the church, but was a trustee, chairman of the finance committee of the board, a teacher in the Sunday School, superintendent of the Junior Society of Christian Endeavor, a member of the Senior Society of Christian Endeavor of the church, and a member of the Evangelistic Committee which was appointed to arrange for holding revival services in the South Side Congregational Churches.

The right to elect trustees and to accept the resignation of trustees was in the members of the church. The right to accept the resignation of the superintendent of the Junior Endeavor Society was in the official board of the Senior Endeavor Society.

Plaintiff tendered his resignation as a trustee early in February, and it was accepted at a meeting of the members of the church held February 22, 1905. He tendered his resignation as superintendent of the Junior Endeavor Society February 23, and it was accepted by the official board of the Senior Society March 27, 1905.

Four witnesses testified that defendant spoke certain words of and concerning the plaintiff, Dr. Proctor, Mrs. Holmberg, Linn and Elder. As to certain of said words the contention of appellee is, that they were not spoken by him; as to other of said words, his contention is that they were spoken on occasions that were privileged, that such privilege was not absolute but qualified, and that there could be no recovery for the speaking of such words without proof of express malice, and that other of said words are not actionable.

The contention of appellant that the defense that the occasion was privileged cannot be made under the plea of not guilty but must be specially pleaded, is against the great weight of authority, both in this country and in England. In 6 Robinson's Prac. 885,

the general rule, "that under the general issue it may be shown that the words were spoken or published on an occasion which justified the speech or publication", is stated, and it is said: "Since if not before Delaney v. Jones, 4 Esp. 191, the principle has been well understood; * * * Best, C. J. (Sims v. Kinder, 1 C. & P., 271, 11 Eng. C. L.) 'was clearly of opinion, that any fact which goes to show that the defendant spoke *bona fide* and without malice, is admissible in evidence; and that it is admissible, on the general issue; * * * Parke B., in Wright v. Woodgate, 2 C. M. & R., 156, says, 'the proper meaning of a privileged communication is only this: that the occasion, on which the communication was made, rebuts the inference *prima facie* arising from a statement prejudicial to the character of the plaintiff, and puts it upon him to prove that the defendant was actuated by motives of personal spite or ill will, independent of the occasion on which the communication was made'; * * * Wilde, C. J., in Hoare v. Silverlock, 9 Man. G. & S., 26, 67 Eng. C. L., says: 'The inference of malice arising from the publication of libelous matter is rebutted by showing that it was published on a lawful occasion. Not guilty puts in issue the tendency of the alleged libel and also the lawfulness of the occasion on which it was published. It does not follow that a defense may not be given under not guilty, because it might form the subject of a special plea'."

As to the words, the speaking of which the defendant denied, the question whether the occasion was privileged does not arise. In order to entitle his words, *prima facie,* to the protection that attaches to communications made in good faith in the fulfilment of a duty, the burden was on the defendant to show that the occasion was privileged, that the words were spoken from a sense of duty and with an honest belief in their truth. The defendant as to certain words, the speaking of which he admitted, gave evidence tending to prove such facts, but offered no such evidence

as to the words which he denied that he had spoken.

One of the occasions where a communication is privileged is, ''where defendant has an interest in the subject-matter of the communication and the person to whom the communication is made has a corresponding interest. In such a case, every communication honestly made in order to protect such common interest is privileged by reason of the occasion''. Odgers Slander & Libel, 234. In Bradley v. Heath, 12 Pick., 163, Chief Justice Shaw said, pp. 164, 5: ''Where words imputing misconduct to another are spoken by one having a duty to perform, and the words are spoken in good faith, and in the belief that it comes within the discharge of that duty, or where they are spoken in good faith, to those who have an interest in the communication, and a right to know and act upon the facts stated, no presumption of malice arises from the speaking of the words; and therefore no action can be maintained in such cases, without proof of express malice. If the occasion is used merely as a means of enabling the party uttering the slander to indulge his malice, and not in good faith to perform a duty or make a communication useful and beneficial to others, the occasion will furnish no excuse.''

Whether the occasion was privileged is a question of law. When the words testified to by Dr. Proctor and Mrs. Holmberg were spoken, plaintiff's resignation as a trustee had been tendered, but not accepted; the witnesses were members of the church and defendant was its pastor. The fact that plaintiff was not a member of the church is not material. The question to be decided by the members of the church was, whether the resignation of the plaintiff of his office of trustee of the church should be accepted. In that question the witnesses as members of the church and the defendant as its pastor had an interest. To aid the members of his church in coming to a right conclusion on that subject the defendant owed to them a duty. We think the court did not err in holding

the occasion of the speaking of said words to each of said witnesses privileged.

The witness Linn was a member of the board whose duty it was to act on plaintiff's resignation of his office of superintendent of the Junior Christian Endeavor Society of the church, a society the members of which were young people, some of them members of the church, others only of the congregation. The words were spoken the day that said board was to act on such resignation and before the board had met. Defendant testified that he called on Linn to ask that plaintiff's resignation be accepted, and in the conversation that ensued the words in question were spoken. We think that for the same reasons that the occasion of the conversations with Dr. Proctor and Mrs. Holmberg were privileged the occasion of the conversation with Linn was privileged.

We are unable to perceive any ground on which the occasion of the conversation with Elder can be held privileged. It occurred after plaintiff's resignation as trustee and superintendent of the Endeavor Society had been accepted. If he was then a member of the Senior Endeavor Society and of the Evangelistic Committee, no action was pending or contemplated in respect to the plaintiff or his relation to said society or committee before any board or organization to which Elder belonged. The only question then as to the actionable words testified to by Elder was whether they were spoken by the defendant. The words testified to by Elder: "That man (the plaintiff) is a dangerous man to have around little girls; I understand he has little girls from the Sabbath school stay in his office. I fear for the little ones", do not in their common acceptation amount to a charge that plaintiff "had been guilty of fornication or adultery", and are not actionable under the statute of this state.

We find no error in the rulings of the court on questions of evidence. It was competent for the plaintiff

to give any evidence tending to prove express malice, or colorable pretence on the part of the defendant in the speaking of words spoken .on occasions which were privileged. It was competent for the defendant to give any evidence which tended to prove that the defendant in speaking such words acted from a sense of duty and with an honest belief in the truth of the words so spoken. It was therefore competent for the defendant to give evidence tending to prove that certain statements in relation to plaintiff were made to him, and that he believed such statements to be true.

In the opinion of the majority of the court there is no reversible error in the rulings of the trial court on instructions. In this opinion the writer is unable to concur. Among the instructions given for the defendant are the following:

"25. The court instructs the jury that if they believe from the evidence, and under the instructions of the court, that the defendant uttered and published the words, or one or more sets of the words, or substantially the same words, at the times and in the presence of the persons as charged in the declaration, and if the jury also believe from the evidence that the defendant was at said times a clergyman and pastor of a church, and that the plaintiff was at said times connected with said church or its work in some capacity or that it was proposed to have him so connected, and that said words were uttered and published by the defendant only with relation to plaintiff's connection or proposed connection with the same to persons who were then members of said church or who were in some way connected with or related to said church or its congregation, Sunday School or one or more of its auxiliary societies, and that if the jury also find that the defendant so uttered and published the words in question in his capacity of such pastor, believing them to be true, and without malice, and with a good purpose and with belief that he was performing his duty as said pastor, and intending that such action on his part should be for the interest and good of said church, that then said words would be of the kind

known as qualified privileged communications, and not actionable and as having been stated under privileged circumstances, and the jury should find the defendant not guilty."

"26. The court instructs the jury as a question of law, that malice is the gist of an action of the character of this case, and that, if they believe from the evidence and under the instructions of the court that the defendant uttered and published the words, or any one or more set or sets of the words, at the times as charged in the declaration, but without malice and only in the capacity of a clergyman and to persons and in relation to matters in some manner connected with the church of which he was at such times pastor, or its Sunday School or auxiliary societies, and if the jury also find that the defendant believed said words to be true and thereby intended to promote the welfare of said church, that then there can be no recovery by the plaintiff, and the jury should find the defendant not guilty."

The defendant testified that he did not speak certain slanderous words of the plaintiff which Dr. Proctor, Mrs. Holmberg and Linn testified that he spoke. As to those words the only question was, whether the words were spoken, for the defendant gave no evidence tending to show that such words were spoken under the circumstances stated in either of said instructions. Said instructions should, in the opinion of the writer, have been limited and restricted to words spoken under the circumstances therein stated.

Appellant further contends that the verdict is so manifestly against the evidence that for that reason the judgment should be reversed. We will consider first the slanderous words the speaking of which was denied by the defendant. As to those words, as has been said, the only question for the jury was, whether they were spoken. Each set of such words was, according to the testimony for the plaintiff, spoken in the hearing of only the plaintiff and one witness, and their testimony was conflicting. We cannot say that

the finding of the jury, implied by the verdict, that such words were not spoken is against the evidence.

As to the slanderous words, spoken on occasions which were privileged, which the defendant admitted that he spoke and gave evidence tending to show that they were spoken in the fulfilment of a duty, in good faith, and with an honest belief in their truth, the question for the jury was, whether they were so spoken, or were spoken with and from express malice, and on that question, under the evidence, the verdict of the jury must be held conclusive.

In the opinion of the majority of the court the record is free from reversible error, and the judgment will be affirmed.

*Affirmed.*

Mr. Justice BAKER dissenting.