## Amolia Barth, Appellee, v. Stephen Hanna, Appellant.

### Gen. No. 5326.

1. SLANDER AND LIBEL—*burden of proof to establish communication as privileged.* If the alleged slanderous words are conditionally privileged, the burden of proof to establish such fact is upon the defendant.

2. SLANDER AND LIBEL—*when libelous words actionable though conditionally privileged.* Notwithstanding the libelous words are conditionally privileged, a recovery will be sustained if actual malice be shown.

3. SLANDER AND LIBEL—*when words actionable per se.* Words spoken of a school teacher which impair her credit in her profession are actionable *per se.*

4. APPEALS AND ERRORS—*when assignments of error waived.* Grounds for reversal alleged but not argued are deemed waived.

5. VARIANCES—*when objection comes too late.* An objection of variance first made in the Appellate Court comes too late.

6. INSTRUCTIONS—*when omission of words "if any" will not reverse.* *Held,* that the omission of the words "if any" as qualifying damages shown, would not reverse as the instruction in question primarily referred to the awarding of punitive damages.

Action in case. Appeal from the Circuit Court of Carroll county; the Hon. RICHARD S. FARRAND, Judge, presiding. Heard in this court at the April term, 1910. Affirmed. Opinion filed October 18, 1910. *Certiorari* denied by Supreme Court (making opinion final).

GEORGE L. HOFFMAN and JOHN R. CONNELL, for appellant; WALTER STAGER, of counsel.

Ralph E. Eaton and W. C. Middlekauff, for appellee.

Mr. Justice Thompson delivered the opinion of the court.

This is an action on the case begun by Amolia Barth against Stephen Hanna for an alleged defamation of the character of plaintiff by slanderous words spoken by defendant. The declaration consists of four counts and two additional counts. The third original count and the second additional count aver that the plaintiff on May 12, 1909, and for a number of years continuously prior thereto was in possession of a certificate issued to her by the county superintendent of schools of Carroll county, authorizing her to teach public school in said county; that for five years she was lawfully engaged in teaching school in said county, etc.; that the defendant, maliciously intending to injure the plaintiff, etc., and to make it impossible for her to procure a position in any of the public schools of said county, and to injure her reputation so that no board of directors of a public school in said county would desire to employ her as a teacher, in a certain discourse which the defendant then and there had in the presence and hearing of divers persons concerning the plaintiff as a teacher, falsely and maliciously, etc., published the false, scandalous and defamatory words, etc. Some of the scandalous words set forth, omitting the innuendoes pleaded in connection with them, are: "She followed the boy, a pupil in the public school, around like a boaring sow would follow a boar;" "She is a catch-colt;" "She is a bastard and has no rights in law;" "She slept with the boy;" "She slept with Virgil McCombs;" "We could not use her on account of her immorality;" "She was expelled from another school because she got to fooling around with some big boys;" "I told her she would be a pretty thing to employ in a school room if there was a lot of big boys; she would just make a plaything for them." Said counts averred that by means of the com-

mitting of the several grievances the plaintiff has been greatly injured in her good name and reputation as a teacher in Carroll county, and has fallen into great discredit and ill repute; and plaintiff as a teacher, on account of said scandalous words, has been deprived of large gains and has been refused employment, etc. The other counts are ordinary counts for scandal.

The defendant filed the general issue. On a trial a verdict was returned for plaintiff for $2,000 on which judgment was rendered and the defendant appeals.

The evidence shows that the appellee was an unmarried woman of the age of twenty-five years, and in May, 1909, was closing her second year as a teacher in district 97 in Carroll county; that appellant was one of the school directors and president of the school board in that district, and appellee had boarded at the house of appellant during the time she had taught in that district; that in January of that year a boy, Virgil McCombs, aged thirteen, lived at the house of appellant for two weeks and attended the school taught by appellee; that in March, 1909, the directors individually promised appellee the school for the next year, and that in May appellant said to the other directors "that Miss Barth followed the boy around like a boaring sow would follow a boar;" "that she was nothing but a —— bastard and catch colt and had no rights in law;" "that she had been turned out of a school up north because she had been fooling around with some big boys;" "that he did not propose to permit her to teach school another year because he would not permit a whore house to be made out of the school;" "I told her she would be a pretty thing in a school; if we had a lot of big boys she would be a plaything for them," with many similar statements. Many of these statements were proved to have been made by appellant not only to the other directors, but to them in the presence of other parties, and in the presence of parties who were not directors. Appellant denied making the statements as alleged, and insisted what he did say was privileged.

If the alleged words are privileged they come within the class known as qualifiedly or conditionally privileged. The burden was upon appellant to show that the occasion of the speaking the alleged slanderous words was privileged and that he spoke them from a sense of duty with an honest belief in their truth. When the speaking of the alleged slanderous words is proven and the speaker shows that they were spoken upon a conditionally privileged occasion, then if actual malice be proven the speaker would still be liable. Rausch v. Anderson, 75 Ill. App. 526; Everett v. De-Long, 144 Ill. App. 496. In the case at bar the alleged words having been proved to have been uttered to the other directors in the presence of third parties and in the presence of third parties alone, the defense of privileged communication fails.

Counsel for appellant say they rely upon the following errors: (1) that the court admitted improper evidence over the objection of defendant; (2) that the court refused to admit proper evidence offered by the defendant. Nowhere in their statement, brief or argument have counsel attempted to point out any such error or to call our attention to any evidence admitted or refused which they think to be error. They have therefore waived such error if any exists. Duggan v. Ryan, 211 Ill. 133; City of Mt. Carroll v. Havill, 128 Ill. App. 331; Sanitary District v. Joliet Pioneer Stone Co., 109 Ill. App. 283.

It is urged that "There are no facts or circumstances alleged by way of inducement that would make any of the charges actionable *per se*," and that there is also a material variance between the allegations and the proof. We do not find that any objection was made to the testimony on account of a variance, and the question was not raised in the trial court. If that question had been raised in the trial court the declaration could have be n amended. It is too late to raise the question in this court for the first time. C. & N. W. Ry. Co. v. Gillison, 173 Ill. 264; Libby, McNeil & Libby v. Scherman, 146 Ill. 540; Ransom v. McCurley,

140 Ill. 626. The third and second additional counts allege and the proof shows that appellee was a school teacher by profession, and that the words spoken of her by appellant impaired her credit in her profession, and they were therefore actionable *per se.* Nelson v. Borchenius, 52 Ill. 236.

Error is assigned on the giving of several instructions as requested by appellee. It is contended that the sixth assumes that the appellee suffered damages. The instruction is:

"If the jury, under the evidence and instructions of the court, find the defendant guilty, in this case in assessing plaintiff's damages, they are not confined to such damages as will probably compensate the plaintiff for such injury as the evidence shows she has received, by reason of speaking the defamatory words charged in the declaration, but they may, in addition thereto, assess against the defendant by way of punishment such damages as the jury, in their sound judgment, under all the evidence in the case believe the plaintiff ought to receive not exceeding the amount claimed by the plaintiff in the declaration provided the jury believe the defamatory words were spoken maliciously or wantonly by the defendant."

The instruction would not be liable to this criticism if the words "if any" had been inserted after the words "such injury as the evidence shows she had received." If the appellant was found guilty, a verdict would carry at least nominal damages. As the instruction was concerning punitive damages the omission of the words "if any" concerning compensatory damages, when appellant had first been found guilty, is not error sufficient to reverse the case.

It is contended that the 9th, 13th, 14th and 15th instructions are erroneous in that they tell the jury among other things "That if they believe from the evidence that said words tended to impair the reputation of, and injure the plaintiff as a school teacher, then in that case they should find the defendant guilty." Counsel say: "It surely is not the law that plaintiff would be entitled to special damages by the

use of language which only tended to injure her but did not in fact injure her.'' Where words are spoken of one in his trade or profession which tend to impair his credit or reputation and which tend to injure him in his trade or profession, the words are actionable *per se* without proof of special damage. Nelson v. Borchenius, *supra;* Marion v. Courier Pub. Co., 125 Ill. App. 349; Gerald v. Inter Ocean Pub. Co., 90 Ill. App. 205. Other criticisms are made of these and other instructions but we find no merit in them when the instructions given on both sides are considered as a series.

It is also insisted that the judgment is excessive. The appellant was president of the school board, a leading man in the community, owning a valuable residence in Mt. Carroll, a valuable farm, and a patent for which he had been offered $80,000 but which he was holding at $100,000. He was convicted by the verdict of using excessively brutal language concerning the appellee, a school teacher, although he testified that such charges were not true and that he did not make the statements alleged. We cannot say that a judgment for $2,000 is excessive under the circumstances. The judgment is affirmed.

*Affirmed.*