## Henry Swenson, Appellee, v. James F. Doyle, Appellant.

### Gen. No. 5361.

1. APPEALS AND ERRORS—*when assignments of error waived.* Assignments of error not argued are deemed to have been waived.

2. VERDICTS—*when not disturbed.* A verdict not manifestly against the weight of the evidence will not be set aside on review in the absence of errors of law.

Assumpsit. Appeal from the County Court of Lake county; the Hon. DEWITT L. JONES, Judge, presiding. Heard in this court at the April term, 1910. Affirmed. Opinion filed October 18, 1910.

R. W. CHURCHILL, for appellant.

BENJAMIN H. MILLER, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

Appellee occupied a farm of appellant under a five year lease. Under the terms of the lease appellee was to haul certain materials and do the work for certain repairs but the lease did not provide that the appellee should haul material or do any work or board any men for appellant in the building of new buildings or the making of any new improvements on the premises. At the termination of the lease appellee brought suit to recover for work done in excavating for a new barn, hauling gravel and lumber, carpenter work, boarding men and teams, and for some material furnished by him. On a trial before a jury a verdict was returned in favor of appellee for $393.75. Appellee had judgment thereon.

Only one instruction was given for appellee, and appellant in his argument says he believes it to be erroneous but does not point out wherein it is erroneous. Counsel, to have an assignment of error considered, must point out in what the error consists. This court will not enter upon an independent in-

vestigation for the purpose of ascertaining whether the view of the law taken by the trial court was correct.  Duggan v. Ryan, 211 Ill. 133; D. R. I. & N. W. Ry. Co. v. De Yaeger, 112 Ill. App. 537; City of Mt. Carmel v. Havill, 128 Ill. App. 331.

The only question argued is that the verdict is contrary to the evidence.  It is not disputed by appellant that he built a new barn on the premises and that appellee did excavating for the foundation and hauled gravel and material, etc., but it is contended that the claim was not presented in time and that it is fabricated to defeat the last payment of rent.  Appellee testified that he presented the bill on different occasions, but did not attempt to enforce its collection because of his fear that appellant might attempt to cancel the lease.  Whether this be true or not, appellee was not required to begin suit before he wished to, provided it was begun before the statute of limitation barred his remedy.  The judgment is supported by the evidence, and is for little more than half of the claim of appellee as shown by his itemized bill of particulars.  Where the evidence is conflicting it is the peculiar province of the jury to find the truth, and while the evidence in the record may seem to preponderate in favor of appellant, this court would not be justified in reversing the judgment where it is not clearly against the weight of the evidence.  The jury and the trial court were in a much better position to judge of the credit that should be given to the witnesses than this court that has no opportunity of seeing them. When the entire evidence is considered we see no reason to disturb the judgment; it is therefore affirmed.

*Affirmed.*