THE CHICAGO AND JOLIET ELECTRIC RAILWAY COMPANY

*v.*

JOSEPH WANIC.

*Opinion filed October 23, 1907—Rehearing denied Dec. 10, 1907.*

1. NEGLIGENCE—*contributory negligence is ordinarily a question of fact.* The question of contributory negligence is ordinarily one of fact for the jury under the circumstances of each case, and is not a question of law unless the undisputed evidence is so conclusive that reasonable minds can reach no other conclusion than that such negligence is shown.

2. SAME—*whether manner in which car was operated was negligent is a question of fact.* Whether an electric car, running in a public highway outside of the limits of any incorporated city or village, was being operated in a negligent manner or at an improper speed is a question of fact for the jury in view of the circumstances of the case, including the matter of obstructions to view, nearness of houses and buildings to the track, whether the country is thickly or sparsely settled, and other kindred matters.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Will county; the Hon. FRANK L. HOOPER, Judge, presiding.

This is an action of trespass on the case brought by appellee, against appellant, in the circuit court of Will county. On the trial in that court a judgment for $1500 was recovered, which, on appeal to the Appellate Court, was sustained. The cause has been brought here on appeal for review.

The declaration contained three counts, and charged general negligence by appellant's servants in improperly handling and controlling one of its cars; that the car was run at a high and dangerous rate of speed on a public highway without giving any warning to plaintiff, and that the car was run at a very high rate of speed without ringing a bell or blowing a whistle.

E. Meers, for appellant.

S. P. Douthart, (F. D. Jordan, of counsel,) for appellee.

Mr. Justice Carter delivered the opinion of the court:

The sole contention of appellant on this appeal is, that the plaintiff, at the time of the accident, was not exercising due care and caution,—or, in other words, that he was guilty of contributory negligence. It is most strenuously insisted that the evidence does not justify the verdict.

The surrounding facts and circumstances as shown by the record we think are set forth with substantial accuracy in the opinion of the Appellate Court, as follows:

"Appellant has an electric car line from Joliet to Chicago, which between Lemont and Romeo, in Will county, runs on the east side of the public highway, the track being four or five feet from the property line, and its cars are nine feet wide and project over about half the space between the track and the fence. Near quarry No. 6, in Will county, it runs through a small Polish hamlet of twenty-seven families. Appellee lived on the east side of this highway, in a house twenty-five feet from appellant's track. On the line of the highway between the appellant's track and the lot there is a stone wall about four feet high. A picket fence stands on the north side of the house and runs to the stone fence. On the south side of the picket fence, and between Wanic's house and the highway, a summer kitchen from six to eight feet high stood close to the stone wall and a smoke-house and a coal-shed stood about five feet from the house. Some willow trees also stood between the house and the highway. The path from the house to the highway was on the north side of the picket fence, through a gate opening on the north side of where the picket fence joined the stone wall. There was a ditch three feet wide between the stone wall and the track, the crossing over this ditch being made

by two planks a foot wide. Other houses stood in the immediate neighborhood at different distances from the highway."

Counsel for appellant in his brief has not found fault directly with the statement of facts in the Appellate Court's opinion, although his contentions as to the facts would not support the above statement, especially as to some of the distances and the location of the track, fence, trees and houses. Distances and measurements about which there is a dispute and a conflict in the evidence could have been settled by accurate measurements on the ground. This was not done, and while some of the evidence of appellant tends to show different distances from the above quoted statement, we think the weight of the evidence supports it.

The appellee was struck by a car which came from the south. There is proof tending to show that the car could be seen by a person going from Wanic's house to the highway but a short distance, if at all, before it arrived at a point opposite him. The accident happened on a clear Sunday morning, shortly after nine o'clock. Appellee testified that he did not see the car that struck him. Apparently he had just crossed the plank bridge over the ditch and was stepping on to the track when he was struck, and was so badly injured that he did not regain consciousness until the next day. His leg was broken and he was in the hospital for five months and unable to work for about a year. Some testimony tends to show his brain was affected.

The evidence as to the speed of the car at the time of the accident, and as to whether there was any signal or warning of danger before appellee was struck, is very conflicting. Appellee's witnesses testify that it was running from thirty to thirty-five miles an hour, while appellant's witnesses state that it was running from fifteen to twenty miles an hour. Some of the testimony is to the effect that it ran three hundred feet after appellee was struck before it stopped, while the testimony for appellant is that it did

not run over one hundred and fifty feet. Witnesses for appellee state that no whistle was blown before the accident, while appellant's testimony is to the effect that the whistle was sounded and every effort made to stop the car from the time the motorman saw appellee until he was struck, but that the distance was too short to allow him to do so. There is no claim that any whistle or other warning signal was sounded before the appellee was seen close to the track. The car itself apparently made little noise in running. The testimony of appellant is to the effect that the distance from the gate to the track was about fifteen feet. There was testimony in the record that places it much nearer. The testimony is not clear as to how much the obstructions prevented a view of the approaching car or just how far down the track appellee, had he looked before he was actually at or on the track, could have seen a car coming, or whether he could have heard the car had he stopped and listened. Appellant's testimony is that appellee did not look towards the car at all before he was struck, and there is nothing to contradict this.

The question of contributory negligence is ordinarily one of fact for the jury, and only becomes one of law where the undisputed evidence establishes that the injury resulted from the negligence of the injured party. If there may be a difference of opinion on the question, so that reasonable minds will arrive at different conclusions, then it is a question of fact for the jury. (*Chicago City Railway Co.* v. *Nelson,* 215 Ill. 436.) By the terms of the statute controverted questions of fact are settled by the judgment of the Appellate Court when it approves the verdict of the jury. This court can only decide whether there is any evidence in the record, with all its reasonable inferences, fairly tending to support plaintiff's cause of action. The weight of the testimony is never involved. *Chicago and Eastern Illinois Railroad Co.* v. *Snedaker,* 223 Ill. 395; *Chicago City Railway Co.* v. *Martensen,* 198 id. 511.

Appellant insists that as the track in question was along the highway, far beyond any municipal limits, there was no law or ordinance requiring it to run its cars at any particular rate of speed, and that therefore it owed appellee no duty other than not to wantonly and recklessly injure him, citing in support of this contention, *Bartlett* v. *Wabash Railroad Co.* 220 Ill. 163, and *Illinois Central Railroad Co.* v. *Eicher,* 202 id. 556. In each of those cases the person was injured on the right of way of the railroad company, and not on a public highway occupied by the tracks of the railroad, as in this instance. This court held in *Elgin, Joliet and Eastern Railway Co.* v. *Raymond,* 148 Ill. 241, that it could not be laid down as a legal principle that a person, in attempting to go over a railroad track where it crosses a street or highway, is bound, at his peril, to pursue a course at right angles to the track, but held that his right is, in using a street or highway, to walk in any direction he pleases, and his duty is to exercise reasonable and ordinary care, in crossing a railway track, to avoid injury. We held in *Chicago City Railway Co.* v. *Fennimore,* 199 Ill. 9, that although no ordinance limiting the speed at which street cars were allowed to run had been introduced, yet in every case it must be a question for the jury to decide whether or not, under the facts and circumstances of that particular case, the rate of speed was or was not dangerous or unreasonable; that a railroad company, in the running of its trains, is always required to use ordinary care and prudence to guard against injury to the persons or property of those who are rightfully traveling upon public streets; that this is true whether there is any statutory regulation on the subject or not. (See, also, *Chicago, Burlington and Quincy Railroad Co.* v. *Perkins,* 125 Ill. 127.) If this be the rule as to street cars and steam railways occupying streets or highways it must necessarily be as to electric lines.

Appellant further insists that under the proof in this case the negligence of appellee in failing to look and listen

is a question of law, citing Thompson on Negligence, and other authorities. This court, in *Chicago and Northwestern Railroad Co.* v. *Hansen*, 166 Ill. 623, stated that while it had been formerly held in this State that this was a matter of law, "it has since been repeatedly held that it cannot be said, as a matter of law, that a traveler is bound to look or listen, because there may be various modifying circumstances excusing him from doing so. * * * The traveler may not be in fault in failing to look or listen if misled without his fault, or the view may be obstructed by objects or by darkness, and other and louder noises may interfere with his hearing. It seems to us impossible that there should be a rule of law as to what particular thing a person is bound to do for his protection in the diversity of cases that constantly arise, and the question what a reasonably prudent person would do for his own safety under like circumstances must be left to the jury as one of fact." The following decisions support the rule laid down in this last case: *Chicago and Alton Railroad Co.* v. *Pearson*, 184 Ill. 386; *Chicago and Alton Railroad Co.* v. *Lewandowski*, 190 id. 301; *Chicago Junction Railway Co.* v. *McGrath*, 203 id. 511; *Chicago Union Traction Co.* v. *Jacobson*, 217 id. 404; *Illinois Southern Railway Co.* v. *Hamill*, 226 id. 88. In *Chicago, Burlington and Quincy Railroad Co.* v. *Pollock*, 195 Ill. 156, we said (p. 163): "Negligence does not become a question of law, alone, unless the acts constituting it are of such a character that all reasonable men would concur in pronouncing them so. Human conduct must be judged by human standards."

A greater degree of care must necessarily be required of appellant in running its cars along a public highway in a thickly settled locality, with houses as close to it as the evidence shows they were in this case and little or no opportunity for anyone coming from the houses on the side of the highway next to the track to see the approaching car, than would be required in a highway in an open country

away from all houses, where anyone approaching the track would have an unobstructed view before reaching it. What would be reasonable speed in one case might be very reckless or dangerous speed in the other. Whether or not ordinary care required the blowing of the whistle or a warning signal would depend entirely upon the surrounding facts and circumstances of each particular case. We cannot say that the evidence in this record necessarily leads to but one conclusion. (*Chicago Union Traction Co.* v. *Jacobson, supra.*) Whether the appellee used reasonable judgment in view of all the circumstances or appellant used reasonable care at the time of the accident was properly left to the jury.

The judgment of the Appellate Court will accordingly be affirmed.