**James Cotter, Appellee, v. Chicago City Railway Company, Appellant.**

**Gen. No. 13,955.**

NEGLIGENCE—*when failure to look constitutes.* The jury, without conditions or circumstances which excuse looking, where looking would disclose the danger, is not warranted in finding that such failure to look is not negligence.

Action in case for personal injuries. Appeal from the Circuit Court of Cook county; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1907. Reversed with finding of facts. Opinion filed May 1, 1908.

WILLIAM J. HYNES, SAMUEL S. PAGE and WATSON J. FERRY, for appellant.

D. W. PARKER, for appellee.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

This is an appeal by the defendant from a judgment for $1,000 recovered by appellee in an action on the case for personal injuries alleged to have been sustained by him through the negligence of the defendant.

Plaintiff, when injured, was a motorman of the Chicago Union Traction Company, in charge of a car which ran in Twelfth street, an east and west street. The tracks crossed Clark street on a viaduct about twelve feet above the general level of that street.

Defendant company operated an electric street railway in Clark street, and there was a grade or incline to the north from the Twelfth street viaduct, up which its south-bound cars ran on the west track and crossed the traction company's tracks on the viaduct.

Plaintiff was running a west-bound car and brought his car to a stop with the front end about thirty-five feet east of the east rail of the east track in Clark street. Before plaintiff started his car forward, he saw a car of the defendant company coming south up the grade in Clark street. He testified that he thought that car was about 150 feet north of Twelfth street, and was running at about ten miles per hour; that defendant's car was a large car, lighted, and that night he could see it for a mile; that his car was a light car with ten or fifteen passengers in it; that he ran his car at the rate of two miles per hour from the time he started it until the collision, with his brake chain nearly wound up, so that the shoe would just touch the wheels without interfering with their motion; that this was for the purpose of stopping quickly if necessary; that he could have stopped his car in a distance of two or three feet; that he did not, after starting his car, look to the north again until just as defendant's car was about to strike his car, when a passenger on the front seat of his car called out, "Look out; that fellow is going to hit you," and he looked around and saw defendant's car about fifteen feet away, coming towards him at the rate of eight miles per hour; that almost immediately the collision occurred, by which he was thrown from his car and received the injuries complained of.

Plaintiff's car was thirty feet long; the distance from the front end of his car to the east rail of the

east track when he started his car was thirty-five feet, and the distance from that rail to the west rail of the west track was fourteen feet, so that before his car would clear the west track, it must move a distance of about seventy feet from the place where it stood when he started forward.  He knew when he started forward that a car was coming on the west track; he thought it was 150 feet away, and that its speed was ten miles per hour.  It was under such circumstances, as shown by his own testimony, that he started his car forward at two miles per hour and maintained that rate of speed until the collision, without looking again to the north and with his brake chain so nearly wound up that he could have stopped his car within a distance of three feet.

If by the exercise of ordinary care on his part, plaintiff could have seen the approach of defendant's car as his own car came near to the track on which that car was coming, then the law made it his duty to see that car, and if he failed in such duty, his failure would bar a recovery.  C. & N. W. Ry. Co. v. Dunleavy, 129 Ill. 149.

The failure of plaintiff to look to the north after he started his car forward to see if the car which he saw coming towards the track on which his car was before he started his car, while not in law negligence *per se,* was negligence in fact; if there were no conditions or circumstances which excused him from looking.

"A jury, without evidence of conditions or circumstances which excuse looking, where looking would disclose the danger, is not warranted in finding that such failure to look is not negligence."  I. C. R. R. Co. v. Batson, 81 Ill. App. 142, 153, and cases there cited.

We are unable to find any evidence of the existence of any circumstances, or conditions, that excused plaintiff from again looking to the north as his car approached the track of defendant on which he had seen a car coming towards the track on which his car

ran. Defendant's car was in plain sight. Plaintiff was charged with the duty, not only to exercise care for his own safety, but care for the safety of the passengers in his car.

We think that upon his own testimony the plaintiff did not exercise ordinary care for his own safety, but was guilty of negligence which directly contributed to his injury, and the judgment will therefore be reversed with a finding of fact.

*Reversed with finding of fact.*