## Lue E. Dewey, Executrix, Appellant, v. Chicago Railways Company, Appellee.

### Gen. No. 16,436.

1. STREET RAILWAYS—*when negligence is for the jury.* A bicyclist, riding slowly, in crossing a street car track at a street crossing first saw an electric car when it was half a block away, and when it was within about twenty-two feet from him his wheel wavered and he was struck. The car was going at such a rate of speed that it ran one hundred feet after the accident and no bell was rung or any warning given. *Held,* the question of whether defendant was negligent was for the jury.

2. STREET RAILWAYS—*when failure to stop, look or listen is not contributory negligence.* The mere failure of a person approaching a street car track to stop, look and listen does not constitute contributory negligence as a matter of law.

3. STREET RAILWAYS—*when act in perilous position is not contributory negligence.* Where a bicyclist crossing a street car track is struck by an electric car, the fact that when the car was twenty-two feet away, instead of going forward in the imminence of the danger his wheel wavered, is not of itself proof of contributory negligence.

4. STREET RAILWAYS—*when bicyclist is not guilty of contributory negligence.* A bicyclist was going slowly in crossing a street car track at a street crossing and when he was in a position to first see the car a half a block away his angle of vision was such that he might have been deceived as to the speed of the car and as to whether or not he could safely cross. The car was going at a rapid rate of speed and when within twenty-two feet the bicyclist's wheel wavered and he was struck. *Held,* the bicyclist was not guilty of contributory negligence as a matter of law.

5. APPEALS AND ERRORS—*remand must be had when error in granting peremptory instruction.* Where the Appellate Court finds that a peremptory instruction has been improperly granted in a personal injury case, it must reverse the judgment and remand the cause, even though, if the case had gone to the jury and the plaintiff had recovered judgment, the court would have set it aside as being against the weight of evidence.

Action in case for death caused by alleged wrongful act. Appeal from the Superior Court of Cook county; the HON. WILLIAM H. McSURELY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1910. Reversed and remanded. Opinion filed November 12, 1912. Rehearing denied November 26, 1912.

CHARLES B. ELDER and ROBERT D. ELDER, for appellant; CHARLES B. ELDER, of counsel.

JOHN A. ROSE and FRANK L. KRIETE, for appellee; W. W. GURLEY and JOHN R. GUILLIAMS, of counsel.

MR. PRESIDING JUSTICE CLARK delivered the opinion of the court.

Suit was brought by the appellant, as executrix under the will of Frank J. Dewey, deceased, against the appellee for damages on account of its alleged wrongful act in causing the death of the deceased. The accident happened at the crossing of Western avenue and Warren avenue, in the city of Chicago. On Western avenue the appellee maintains a double-track street railroad. From the record it would seem that the plaintiff was proceeding along Warren avenue in a westerly direction upon a bicycle, sitting erect, facing forward and riding slowly on the north side of the street but near the center of the street. As he crossed Western avenue, and after his front wheel had gotten over the first rail of the north-bound track, a car approached at a high rate of speed. It reached a point about twenty-two feet from him, when he appeared to hesitate, his front wheel wavering and turning first to the north and then toward the car. The deceased was struck and carried or thrown to a place between the tracks near the north side of Warren avenue. The car passed on and, it would appear, ran about 100 feet before stopping. At the close of plaintiff's case the court, on motion of the defendant (appellee) directed the jury to find a verdict for the defendant.

The only question in the case is whether or not it should have been submitted to the jury. There is no longer any question as to the law which should govern. If it appears clearly from the record that the defendant is not guilty of negligence and that reasonable minds could come to no other conclusion, then the instruction was proper; or, if it does not appear from

the evidence that the deceased was in the exercise of ordinary care, and the proof is such that reasonable minds could come to no other conclusion than that he was not in the exercise of such care, then the instruction is proper.

Appellant insists that negligence of the defendant is established, that the car approached the crossing at an excessive rate of speed, that it was not under proper control, that no warning was given by the ringing of a bell, or otherwise, of its approach, and that the motorman could have seen the danger in which the deceased was, and was guilty of negligence in not stopping the car.

There is no proof in the case as to the speed at which the car was running, excepting that it was said by one or more of the witnesses to be running "very fast." There is evidence, however, that the car ran nearly 100 feet after striking the deceased, and we think this tended to show that the speed was excessive. There is also evidence that no bell was rung or other warning given. This evidence necessarily was of a negative character. Witnesses who testified that they were in a position to hear gave evidence that they did not hear any bell or other warning. Without considering the other elements which might have to do with the question of negligence on the part of the appellee, we state it as our opinion that reasonable minds might fairly disagree upon the proposition, and that therefore it cannot be said that the appellee was not guilty of negligence as a matter of law. We think it was a question in the first instance to be determined by the jury. It seems more likely that the trial court from the evidence was of the opinion that the appellant was guilty of contributory negligence as a matter of law, and that the direction to the jury to find for the defendant was based upon the latter proposition.

The mere failure of a person approaching a track to stop, look or listen does not constitute contributory negligence as a matter of law. Whatever may have

been the earlier holdings in this and other states, later decisions leave no room for doubt in respect to the matter. Dukeman v. Cleveland, C., C. & St. L. R. Co., 237 Ill. 104; Winn v. Cleveland C., C. & St. L. R. Co., 239 Ill. 132.

We are cited by the appellee to cases in this and other appellate courts. In many of them the question decided was not that the plaintiff or the decedent was guilty of contributory negligence as a matter of law, but rather as a matter of fact. In the appellee's brief the following quotation is taken from the case of Cotter v. Chicago City Ry. Co., 141 Ill. App. 101:

"If by the exercise of ordinary care on his part, plaintiff could have seen the approach of defendant's car as his own car came near the track on which that car was coming, then the law made it his duty to see that car, and if he failed in such duty, his failure would bar a recovery."

Counsel, however, omitted from their quotation the next paragraph of the opinion:

"The failure of plaintiff to look to the north after he started his car forward to see if the car which he saw coming towards the track on which his car was before he started his car, while not in law negligence *per se,* was negligence in fact."

There is a marked distinction between the power of the trial court to direct a verdict, and the power of an appellate court to reverse the case without remanding. It is held in Supple v. Agnew, 202 Ill. 351, that the Appellate Court has power, under the Practice Act, to reverse the judgment of the lower court without remanding the cause, upon the ground that the weight of the evidence did not authorize the verdict, and that this is too well settled by former decisions to be longer a matter of controversy. Fitzsimmons v. Cassell, 98 Ill. 332; Hawk v. Chicago, B. & N. R. Co., 147 Ill. 399; Borg v. Chicago, R. I. & P. R. Co., 162 Ill. 348. Many cases are cited also by appellee from

the Supreme Court of the state, but in most instances the question in the case was as to instructions.

In Lee v. Chicago City Ry. Co., 127 Ill. App. 510, a jury was instructed in the Superior Court of Cook county to find the defendant not guilty. Reference to the statement discloses that the plaintiff was driving westwardly on Polk street in Chicago, approaching Clark street, with an empty wagon; that when the front of his wagon, where he was sitting, reached the east line of Clark street, he looked north and south and saw a car about 250 or 275 feet away coming towards him from the north; that he "made no effort to stop his team or to hurry up," but kept on "straight across the tracks without again looking at the car or making the slightest effort to find out how near the car had gotten to him; never saw the car again." The court said:

"This is not a mere attempt to cross in front of a car, as in cases cited by appellant's attorney. It was an attempt to cross in utter and conceded disregard of ordinary precautions against known danger."

We are referred to the recent case of Healy v. Chicago City Ry. Co., 163 Ill. App. 293, heard in the "C" Branch of this court. We do not regard the case in point. In the opinion it is said: "The location of this collision was not at the intersection of streets crossing each other, where the appellant and all others have equal rights to the use of the streets, but was at a point where appellant had a paramount right to the use of so much of the street as was covered by its tracks."

It is impossible to say from the record in the case before us just when the decedent became aware or should have become aware of the car. It is not like the Lee case, *supra,* where the plaintiff testified that when he saw the car it was 250 or more feet away.

Among recent cases decided by the Supreme Court of the state, where the action of the trial court in refusing to direct a verdict because of alleged contribu-

tory negligence of the plaintiff or the deceased, was approved, are Chicago City Ry. Co. v. Nelson, 215 Ill. 436; Chicago & J. Elec. Ry. Co. v. Wanic, 230 Ill. 530; Dukeman v. Cleveland, C., C. & St. L. R. Co., 237 Ill. 104; Chicago Union Traction Co. v. O'Donnell, 211 Ill. 351.

In Chicago & J. Elec. Ry. Co. v. Wanic, *supra,* the court says:

"The question of contributory negligence is ordinarily one of fact for the jury, and only becomes one of law where the undisputed evidence establishes that the injury resulted from the negligence of the injured party. If there may be a difference of opinion on the question, so that reasonable minds will arrive at different conclusions, then it is a question of fact for the jury."

It is argued by the appellee that the contributory negligence of the deceased is clearly established by the fact that when the car was twenty-two feet away from him if he had gone forward a few feet he would have escaped injury, but that instead of doing so he hesitated, "his front wheel wavering, turning first towards the north and then towards the car, and then perhaps straight ahead." It is easily supposable that the deceased, in crossing the track, lost or partially lost his balance, and in endeavoring to regain it turned the wheel first toward the north and then towards the south. This of itself would not be proof of negligence contributing to the accident. It has been held that "persons under imminency of peril may not be required to exercise all the presence of mind and care 'of a prudent, careful man,' with impending danger. The law makes allowance, and leaves the circumstances to the jury to find if the party acted rashly and under an undue apprehension of the danger." Galena & C. U. R. Co. v. Yarwood, 17 Ill. 509. And again, "Where a plaintiff is suddenly placed in a position of peril without sufficient time to consider all the circumstances, the law does not require of him the same de-

gree of care and caution, as it requires of a person who has ample opportunity for the full exercise of his judgment and reasoning faculties. Especially is this so, where the peril has been caused by the fault of the defendant.'' Dunham Towing & Wrecking Co. v. Dandelin, 143 Ill. 409.

The evidence tended to show that the car was going at a rapid rate of speed immediately before and at the time of the collision. And it further shows that the plaintiff was going slowly, and that when he was in a position to first see the car his angle of vision was such that he might well be deceived as to the speed of the car, and as to whether or not he could safely cross in front of the car. The car when it came within his sight was about a half block away and if it had been going at a moderate rate and under control, as he had a right to assume, he might have crossed the track in safety.

Our conclusion is that in this case the decedent cannot be said to have been guilty of contributory negligence as a matter of law. If the testimony of the defendant had been taken, and thereafter a verdict rendered in favor of the plaintiff, it might be that the court would have been obliged to grant a new trial on the ground that the verdict was against the weight of the evidence.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*