## J. E. Frink, Appellee, v. H. Amstadt and Maud Amstadt, Appellants.

1. APPEAL AND ERROR, § 1411*—*when judgment not disturbed.* Where there is no clear preponderance of the evidence either way, a reviewing court will not review the evidence or set aside the judgment unless for errors of law.

2. TRIAL, § 79*—*when exclusion of evidence on surrebuttal proper.* In an action on a promissory note given in payment for an automobile, admission of evidence cumulative of that offered in support of a plea of breach of warranty, when offered on surrebuttal, *held* discretionary with the court and its exclusion not error.

3. WITNESSES, § 224*—*when cross-examination proper.* In an action on a promissory note given in payment for an automobile,

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

where the defense was a breach of guaranty by the seller to keep it in repair for one year, a question asked on cross-examination of one of the defendants, who had testified that he had asked the seller to guaranty against all kinds of breakage and usage, as to who should pay the repair bills if the defendant ran into anything and broke the machine up, *held* proper.

4. APPEAL AND ERROR, § 1521*—*when submission of modified interrogatory to jury without inspection by opposing counsel is harmless error*. Submission to the jury of an interrogatory, as modified by the court so as to make it conform more closely to the issues made by the pleadings, without submitting it as modified to counsel not offering it, *held* not reversible error where such counsel had knowledge of its substance.

5. BILLS AND NOTES, § 462*—*when instruction not erroneous*. In an action on a promissory note given in payment for an automobile, where the defendant admitted that a certain amount was due the plaintiff but set up as a defense a partial failure of consideration, *held* that an instruction directing the jury to insert in the form of verdict given them the amount they should find for the plaintiff, under the evidence and instructions, was not erroneous, though they were not told that there was a partial failure of consideration.

6. APPEAL AND ERROR, § 479*—*when instructions not reviewed*. Errors in instructions cannot be urged on appeal in the absence of objection thereto in the trial court.

7. BILLS AND NOTES, § 462*—*when instruction on burden of proof properly modified*. In an action on a promissory note given in payment for an automobile, where the defense was a partial failure of consideration, *held* that an instruction that the burden of proof was on the plaintiff to establish his case by a preponderance of the evidence was properly modified by inserting after the word "establish" the words "the execution and delivery of the note in question," as the burden was on the defendant to prove the partial failure of consideration.

8. APPEAL AND ERROR, § 864*—*necessity that alleged errors be indicated*. A court of review will not on its own motion seek for reasons to reverse a case where counsel fail to indicate alleged errors permitted at the trial court.

9. SALES, § 402*—*when instruction on breach of warranty properly modified*. An instruction as to what would constitute a breach of warranty of an automobile sold the defendant, *held* properly modified by the court so as to make it more nearly conform with the wording of the plea.

10. APPEAL AND ERROR, § 1523*—*when giving of erroneous instruction on damages harmless error*. Where, in an action on a

promissory note given in payment for an automobile, the jury found that there was no breach of warranty as claimed by the defendant, *held* that the defendant could not have been prejudiced by an instruction on the measure of damages for the breach, if there had been error therein.

Appeal from the Circuit Court of McLean county; the Hon. SAIN WELTY, Judge, presiding. Heard in this court at the April term, 1916. Affirmed. Opinion filed June 10, 1916.

DWIGHT E. BEAL and HOMER ENGLISH, for appellants.

STERLING & WHITMORE and LESLIE J. OWEN, for appellee.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

At the February term, 1915, of the Circuit Court of McLean county, a judgment by confession, upon a promissory note for $650, dated June 8, 1914, with a warrant of attorney, was entered for $761.10 in favor of J. E. Frink against H. Amstadt and Maud Amstadt. The defendants during that term entered a motion, supported by affidavits, to open the judgment and for leave to plead. The motion was allowed and the defendants filed the general issue and also three special pleas averring, in substance, that the note was given for part of the purchase price of an automobile, which was warranted to be free from defects in workmanship and material and in good running order, and that appellee guarantied that he would keep the machine in running order for a year; that the machine was defective and that the consideration for the note, except as to $350, had failed. Replications were filed denying the warranty. A jury returned a verdict in favor of plaintiff for $761.10, on which judgment was rendered; the defendants appeal.

The appellants' contention is that appellee sold

them an automobile with an oral warranty and an agreement to keep it in running order for a year, while the appellee insists that he only sold them the machine and turned over to them the guaranty of the manufacturers.

It is argued on behalf of appellants "that the record presents a very close question of fact upon the turning points in the case and, this being the case, the trial court below should have been more considerate in ruling upon a motion for a new trial, and should have allowed the new trial and given another jury an opportunity to decide the issues of fact." This statement shows that there is no clear preponderance of the evidence either way, and there is no reason why this court should review the evidence or set aside the judgment unless there is some error of law in the case.

It is insisted that the court erred in excluding the testimony of a witness, Harry Roy, offered in contradiction of appellee concerning a conversation between appellant, H. Amstadt, and appellee in August, 1914, in which it is claimed appellee said he had guaranteed the car and would make it good. This evidence should have been offered by appellants in support of their pleas. It was not proper to reserve evidence that was cumulative of that offered in support of the defense and present it in surrebuttal. It was in the sound discretion of the court to determine whether this evidence, which was admissible in support of the pleas and also by way of impeachment, should be admitted or rejected. 10 Encyc. of Ev. 655; *City of Sandwich v. Dolan,* 141 Ill. 430; *Wenger v. Strobel Steel Const. Co.,* 170 Ill. App. 383.

On the cross-examination of appellant, H. Amstadt, an objection was overruled to the question: "Was there anything said, if you should run into anything and smash it up, as to who was to pay the repair bill?" He answered, "No, sir." It is argued that this ruling

was erroneous. It was cross-examination of said appellant as to what was said at the time of the alleged warranty concerning which he had testified. The witnesses, who testified for appellants concerning the warranty, did not agree and Amstadt testified other things might have been said beyond what he had testified to, and he had testified that he asked appellee to guaranty it against all kinds of breakage and usage. There was no error in the rulings on evidence.

Counsel for appellee submitted three special interrogatories to be answered by the jury. The first and third were given as requested.

The second interrogatory as asked is: "(2) Was the generating and ignition system upon the car in question in good working order at the time plaintiff delivered the car to the defendants under the sale in question." This was rewritten by the court and submitted to the jury as follows: "(2) Were there any defects in workmanship or materials in the generating and ignition system upon the car in question at the time plaintiff delivered the car to the defendants under the sale in question." This the jury answered "No." It is argued that the court erred in modifying this interrogatory and giving it to the jury without having submitted it to counsel as modified, before the beginning of the arguments. The statute provides that a jury may be required by the court, and must be so required on request of any party to the action, to find specially upon any material question of fact, which may be submitted to them in writing, "which question of fact shall be submitted by the party requesting the same to the adverse party, before the commencement of the argument to the jury." While the statute only requires interrogatories to be answered by the jury that are requested by a party to be submitted to the adverse party, it has been held that a question submitted to the jury by the court, not at

the request of either party, should be submitted to both parties to the suit the same as if it had been submitted at the request of one of the parties. The rule on that question, however, is that the failure to submit interrogatories prepared by the court, to counsel before they are given to the jury, does not necessarily constitute reversible error. *Chicago City Ry. Co. v. Nelson,* 215 Ill. 436. Courts have the right to modify interrogatories asked to be submitted to a jury to make them conform to the issues made by the pleadings. *Chicago & A. Ry. Co. v. Pearson,* 184 Ill. 386. While the modification made by the court should have been submitted to counsel, they had notice of the substance of the interrogatory. The giving of this interrogatory was not reversible error.

It is also insisted that the court erred in giving the first instruction as requested by appellee: "We the jury find the issue for the plaintiff and assess his damages in the sum of $————. (Here you will insert the amount of damages you find the plaintiff is entitled to under the evidence and instructions in the case.)" It is argued that the instruction is misleading in not informing the jury that there was a partial failure of consideration and in telling them that they should find for appellee. Appellants, by their pleas, admitted that there was $350 due appellee, so that no other verdict than one for appellee could be sustained, there was therefore no error in the instruction. The court also, before reading the instructions to the jury, excluded the jury from the court room, and asked counsel what objections, if any, they had to the instructions submitted by the opposite party. Counsel made no objection to this instruction at that time and should not be permitted to urge, as error in this court, what was not urged in the trial court.

The appellants requested an instruction that the burden was on the plaintiff to establish his case by a preponderance of the evidence. The court inserted the

words, "the execution and delivery of the note in question" after the word "establish." There was no error in the modification. Without the modification the instruction was misleading, since the appellants admitted the making of the note and the burden was on them to prove partial failure of consideration.

Counsel also contend that the court erred in modifying three instructions and in refusing to give instructions, G, J, B, I and K. Neither the record nor the abstract contains any instructions distinguished by letters. There are more than five instructions refused and it is not pointed out, in any way, in what the error in refusing instructions consisted. All that is said is appellants had the right to have these instructions given as asked. When counsel do not aid the court by indicating the alleged errors of the court below, this court does not on its own motion seek for reasons to reverse a case. *Duggan v. Ryan,* 211 Ill. 133; *Barth v. Hanna,* 158 Ill. App. 20. Upon an examination of the record it appears that the court gave several instructions asked by appellants without any modification, which substantially cover the legal questions applicable to the case. Appellants have omitted these from the abstract entirely. Five instructions requested by appellants were given after being modified by the court. Appellants' abstract only contains three of the five instructions given after being modified.

The second instruction asked was: "The court instructs the jury if you believe from the evidence that the plaintiff warranted the automobile in question for a year, and that the defendants relied on that warranty when they purchased the same, and if you further believe from the evidence that there was a breach of warranty within one year, then and in that case you should allow the defendants by way of recoupment as much as they have been shown by the evidence to have been damaged by reason of such breach." This the

court modified by inserting after the word "year" the words, "against defects in workmanship and materials" and added to it "said damages to be only such damages as are defined in the instructions herein."

It is said that the modification limits the warranty and is erroneous in not giving the proper measure of damages. The first special plea of appellants sets out the warranty as "that said automobile was warranted to be then sound and made in good workmanlike manner and in good working order and free from defective materials." The first instruction given for appellants was given as asked and informs the jury that if they believe from the evidence "that plaintiff warranted the car in question and that there was a breach of said warranty, then in making up your verdict you should allow the defendants by way of set off or recoupment the expense defendants incurred in repairing said defects, if any, and in case any of said parts were so defective that they could not be repaired, the cost of such new parts, as shown by the evidence in this case." The third instruction is similar to the preceding, except it fixes the time of the warranty "against defects in workmanship and materials" "for a year." It is clear that appellants have no reason to complain of error in the modification of their requested instructions.

The first interrogatory asked the jury was: "Did the plaintiff warrant the car in question at the time of the sale to the defendants, and if so, what were the terms of said warranty?" This the jury answered "No." This finding of fact by the jury shows that the appellants could not be prejudiced by any instructions given concerning the measure of damages if there had been error in that regard. There is no reversible error in the case. The judgment is affirmed.

*Affirmed.*