### FIRST NAT. BANK OF GATE CITY, VA., v. DEISHER.
### No. 3946.

Circuit Court of Appeals, Fourth Circuit.

Jan. 6, 1936.

Henry Roberts, of Bristol, Va., and Vernon C. Barker, of Mendota, Va. (S. H. Bond and Coleman & Coleman, all of Gate City, Va., on the brief), for appellant.

S. Bruce Jones, of Bristol, Va., for appellee.

Before NORTHCOTT and SOPER, Circuit Judges, and COLEMAN, District Judge.

NORTHCOTT, Circuit Judge.

This is an action at law begun by notice of motion for judgment filed in the District Court of the United States for the Western District of Virginia, in November, 1928. The action was instituted by the appellee, herein referred to as the plaintiff, against the appellant bank, herein referred to as the defendant. A trial was had in April, 1935, and the jury returned a verdict for the plaintiff in the sum of $3,277.36, with interest from November 15, 1928, upon which verdict judgment was entered. From this action of the court below, this appeal was brought.

In 1926 one O. A. Moers was operating the Gate City Hosiery Mills at Gate City, Va., and the plaintiff entered into an arrangement with said Moers by which the plaintiff became interested in the mills and advanced certain sums of money, $5,000 in May, 1926, and $3,500 in June, 1926, to be used in their operation. The money so loaned was deposited with the defendant under an agreement by which all funds deposited in the account so created would be withdrawn only on checks signed by both the plaintiff and said Moers. The business of the mills became financially involved and finally bankruptcy followed.

The plaintiff alleged in his notice of motion that the bank, in violation of the agreement under which the account was opened, paid checks on said account which were not signed by the plaintiff and which were unauthorized, to the extent of more than $8,000, and that the funds from such unauthorized checks were not used in the business of the mills, but were appropriated by said Moers to his individual use. The plaintiff further alleged that he was damaged, by the failure of the

bank to observe the agreement to have all checks signed jointly, to the extent of $8,500.

The plaintiff filed a bill of particulars, by order of the court, listing checks amounting to about $8,717.13, as paid by the defendant without authority.

The defendant claimed as grounds of defense that Moers and the plaintiff were partners; that the agreement about the payment of the checks on the joint signature of Moers and the defendant related only to the $8,500, advanced by the plaintiff and not the account generally; that the agreement as to the joint signature of the checks was afterwards changed and the bank authorized by the plaintiff to pay checks signed only by Moers; and that all of the checks listed in the bill of particulars were for valid obligations against the hosiery mills and the money was used for the purposes of the business, the plaintiff suffering no damage.

At the conclusion of plaintiff's testimony defendant moved for a directed verdict, which motion the court denied, and the defendant then introduced witnesses. At the conclusion of all the testimony the motion of the defendant for a directed verdict was not renewed and the case was submitted to the jury under the charge of the court.

■ As to the contention that the provision for the signatures of the plaintiff and Moers had been changed, Moers testified that the agreement as to the joint signature was waived by the plaintiff in the presence of Horton, who was the president of the bank and whose son had married Moers' daughter and Pendleton, cashier of the bank, Horton and Pendleton both being dead at the time of the trial. The jury decided this issue of fact against the defendant, and we think properly so, as the correspondence between the plaintiff and the defendant clearly proves that both the plaintiff and the defendant bank treated the agreement as to the necessity for the joint signatures as being in effect after the date of the change as alleged by the defendant.

■ It is contended that the court erred in not admitting a declaration made by Pendleton, the cashier of the defendant bank, before his death, concerning the plaintiff's consent to the modification of the original agreement. Section 6209 of the Code of Virginia provides for the admission of the declaration of a party incapable of testifying, but we are of the opinion that this section is not applicable, as Pendleton was not a person by or against whom there was an action. Atlantic Coast Realty Co. v. Robertson's Executor, 135 Va. 247, 116 S.E. 476. But it is not necessary to decide this question, for even were Pendleton's declaration admissible, its exclusion would be harmless error, as the evidence was merely cumulative, other witnesses having testified to the same effect, and, as we have said above, the alleged statement was clearly contradicted by the written evidence in the case. We are of the opinion that the declaration of Pendleton, even though admitted, would not have changed the verdict of the jury.

On the question of damages the jury found that the defendant had been damaged to the extent of $3,277.36, and the evidence clearly showed that more than that sum was withdrawn by Moers on checks with his signature only. The verdict of the jury concluded the issue of fact on this point in plaintiff's favor to the extent of the amount of the verdict.

■ It is contended that there was error in the admission of certain checks charged to the account in question that were not listed in the bill of particulars. We do not think so. These checks were properly admitted as showing the manner in which the account was kept, and were evidently not included in the jury's calculation as to the amount of the verdict. Counsel for plaintiff specifically stated, when the checks were introduced, that no claim was made for the money represented by the checks.

■ The questions submitted to the jury were complicated questions of bookkeeping and accounting; the charge of the court below was more than fair to the defendant, as the court told the jury repeatedly that if they found from the evidence that the original agreement as to the dual signatures on the checks had been modified or if they found that even though the agreement had not been modified that the money drawn on the checks, improperly signed, had been used for the purposes of the business, then they should find for the defendant. The jury resolved both of these questions of fact in favor of the plaintiff. It is finally urged that

the trial court erred in the refusal to grant a new trial, but in the absence of an abuse of discretion such refusal is not reviewable. Ralston Purina Co. v. Bansau (C.C.A.) 73 F.(2d) 430; Pocahontas Coal Company v. Cook (C.C.A.) 74 F.(2d) 878.

There are a number of other assignments of error that are not of sufficient importance to warrant discussion. The issues in the case were essentially issues of fact, and there is no reason why the verdict of the jury should be interfered with.

The judgment of the court below is accordingly affirmed.